19-670-cv
*First Capital Real Estate Investments, LLC v. SDDCO Brokerage Advisors, LLC*

### UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of December, two thousand nineteen.

PRESENT:   JOSÉ A. CABRANES,
                       CHRISTOPHER F. DRONEY,
                                   *Circuit Judges*,
                       CHRISTINA REISS,
                                   *District Judge.*\*

_____

FIRST CAPITAL REAL ESTATE INVESTMENTS, LLC,
a California limited liability company,

                *Petitioner-Appellant,*                                        19-670-cv

                v.

SDDCO BROKERAGE ADVISORS, LLC,

                *Respondent-Appellee,*

                and

FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.,

                *Respondent.*

_____

\* Judge Christina Reiss, of the United States District Court for the District of Vermont, sitting by designation.

FOR PETITIONER-APPELLANT:          Joshua Brinen, Brinen & Associates, LLC, New York, NY.

FOR RESPONDENT-APPELLEE:        Kevin S. Koplin, Barton LLC, New York, NY.

Appeal from a February 13, 2019 order of the United States District Court for the Southern District of New York (John G. Koeltl, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the February 13, 2019 order of the District Court be and hereby is **AFFIRMED**.

Appellant First Capital Real Estate Investments, LLC ("First Capital") appeals from a February 13, 2019 order of the District Court denying First Capital's petition to vacate an arbitration award ("the award"), granting Appellee SDDCO Brokerage Advisors, LLC's ("SDDCO") petition to confirm the award, and granting SDDCO attorneys' fees and prejudgment interest. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

First Capital argues on appeal that the District Court's opinion and order failed to address First Capital's argument that a member of the arbitration panel had not been properly selected pursuant to the arbitration agreement, requiring vacatur of the award. The District Court stated specifically that it had "considered all of the arguments raised by the parties" and that as to any arguments "not specifically addressed, the arguments are either moot or without merit." App'x 72. Furthermore, as noted by First Capital, the District Court's opinion adopted SDDCO's contention that First Capital waived its objection to the arbitrator in question by failing to seek disqualification before the arbitration began. *See* Appellant's Br. at 4; App'x 9-10. Because the District Court addressed the issue of waiver in SDDCO's favor, the question of whether the panel was improperly formed was thereby mooted. Accordingly, based on the record before us, we cannot conclude that the District Court improperly failed to address or consider First Capital's argument, whether unintentionally or otherwise. Our cursory note in *Schonfeld v. Hilliard*, as cited by both parties, does not require a different result. *See* 218 F.3d 164, 184 (2d Cir. 2000).

Indeed, we question whether this issue is properly raised on appeal—if First Capital genuinely believed that the District Court overlooked one of its arguments, it did not attempt to bring the matter to the District Court's attention through a motion for reconsideration. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (noting that a party may prevail on a motion for reconsideration if it is able to "point to controlling decisions or data that the court overlooked … that might reasonably be expected to alter the conclusion reached by the court").

## CONCLUSION

We have reviewed all of the arguments raised by First Capital on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the February 13, 2019 order of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk